(No. 24881.—)

THE PEOPLE *ex rel.* Harrison Parker, Appellant, *vs.* EMMETT J. WHEALAN *et al.* Appellees.

*Opinion filed December 19, 1938.*

JAMES C. BYRNE, (ARTHUR FRANKEL, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (WEYMOUTH KIRKLAND, HOWARD ELLIS, A. L. HODSON, and JACOB SHAMBERG, of counsel,) for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county dismissing a complaint for *mandamus.* Reference to the case of *People v. Board of Appeals,* 367 Ill. 559, will disclose all of the facts necessary to an understanding of the present litigation.

In the case just referred to we affirmed a judgment of the circuit court of Cook county which struck a complaint for *mandamus* on the relation of Harrison Parker, wherein it was sought to compel the board of appeals and assessor of Cook county to take certain steps in connection with the listing and assessing of the capital stock of the Tribune Company. In that case we held that the complaint was vague and indefinite; that to grant the prayer of the petition would result in a gross lack of uniformity in taxation and that the suit was prematurely brought. We then declined to pass upon numerous other points that were argued.

After our order affirming the previous judgment, the same Harrison Parker filed a second petition for *mandamus* as .to which the trial court made the following findings: "The court finds that the complaint in the present case is substantially the same as the complaint in the case that was decided by the Supreme Court. The figures have been changed and the matter is stated more at length. The allegations also are broken down, so that they are set out by various years. Nevertheless, the same criticisms that struck down the previous complaint may be fairly leveled at this complaint."

In the successive complaints and amended complaints which were filed in the previous case and in the present case, there have never been any allegations that the assessments complained of were lacking in uniformity, as compared with the assessments made upon other similar property. What we said in *People* v. *Board of Appeals, supra,* is the law of this case, and the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*